IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAIRO TERAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-595-GPM |
| ) | |
| MICHAEL P. RANDLE, et al., ) | |
| ) | |
| Respondents. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Jairo Teran, currently an inmate in the Menard Correctional Center, filed this action "for leave to file a petition of mandamus pursuant to Code of Civil Procedure 735 ILCS 5/14-101, et seq." In this action, Teran wants Respondents – various officials within the Illinois Department of Corrections – to be compelled to comply with departmental rules regarding disciplinary proceedings.

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, it is clear that this Court cannot provide the relief sought; therefore, the petition must be dismissed.

> District courts are courts of limited jurisdiction, possessing only the jurisdiction that Congress has conferred upon them by statute. *Klein v. Lee*, 254 F.2d 188, 190 (7th Cir. 1958), citing *Lockerty v. Phillips*, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943). And the jurisdiction conferred upon federal courts to entertain suits arising under the Constitution or laws of the United States has been 'narrowly limited.' *Hague v. Committee for Industrial Organization*, 307 U.S. 496, 507, 59 S.Ct. 954, 83 L.Ed. 1423 (1939).

*Giancana v. Johnson*, 335 F.2d 366, 367-68 (7th Cir. 1964). Teran invokes provisions of Illinois law, 735 ILCS 5/14-101, et seq., as the sole basis for jurisdiction in this case. Teran includes no reference to any provision of federal law that would vest jurisdiction in the federal courts. In addition, the heading of the caption on the petition is "In the Circuit of Randolph County, Illinois, the Court for the 20th Judicial Circuit."[1] It appears that Teran intended to file this petition in state court, but he somehow mailed it to the federal court instead.

Because this Court lacks jurisdiction to consider the claims presented in this action, this action is **DISMISSED**. Teran must bring this state law petition in the appropriate state court.

**IT IS SO ORDERED.**

DATED:  11/01/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] The same state court is referenced on his application to sue or defend as a poor person (Doc. 2).